1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LIFEWISE, INC.; and SARAH
SWEENY,

              Plaintiffs,

vs.

EVERETT PUBLIC SCHOOL
DISTRICT; and IAN B. SALTZMAN, in
his official capacity as the
Superintendent of Everett Public
Schools,

              Defendants.

NO. 2:25-cv-02604

**SUPPLEMENTAL DECLARATION
OF DARCIE HAMMER IN
SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION**

I, Darcie Hammer, do hereby declare as follows in support of the Plaintiffs' Motion for Preliminary Injunction the above-captioned action:

1.    I am of sound mind and am over the age of eighteen. I have personal knowledge of the facts stated herein.

2.    I have reviewed the declarations of Sarah S. Mack and Blythe Young that were submitted on behalf of the Defendants in this action, as well as the Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction. This declaration responds to issues raised in those declarations and provides corrections and context to certain claims made in those documents.

SUPPLEMENTAL DECLARATION OF DARCIE
HAMMER IN SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION (No. 2:25-CV-
02604) - 1

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

3.      As stated in my previous declaration, I am the Program Director of the Everett, Washington chapter of LifeWise Academy ("LifeWise"). In this capacity, I have personal knowledge of how LifeWise operates within the District, including the materials it distributes to students in its programs and the instructions they are given. By contrast, none of the District's declarants (nor the complainants whose emailed comments they relay as fact) could have personal knowledge of such facts, as neither Ms. Mack, nor Principal Young, nor the complainants whose comments are attached to those declarations have ever attended a program at Everett's LifeWise chapter.

4.      Contrary to the District's assertions, LifeWise has never given out "bags of candy" to its students in the District and, as such, students have not returned from LifeWise to class with candy we provided. Occasionally, but rarely, we give treats to students who participate in LifeWise while they are at LifeWise lessons.  For example, we have given a small candy (such as a skittle) as a reward to a student who answers a question correctly.  We have also provided other small treats on special occasions (*e.g.*, a cookie at Easter or Christmas time).  In all of these cases, we require that LifeWise students finish these small treats during the LifeWise class and not bring them back to school.

5.      The complaint in Exhibit B to Principal Young's declaration also evidences the fact that some parents in the community are hostile to LifeWise's religious beliefs and will go out of their way to oppose the presence of people affiliated with LifeWise. This complainant expressed "concerns" about Plaintiff Sarah Sweeny "subbing in [her] children's classrooms"—expressly because Ms. Sweeny is involved in LifeWise. Of course, it would be profoundly wrong for the District to refuse to hire Ms. Sweeny as a substitute teacher on the basis that another parent objected to Ms. Sweeny's religious exercise or her association with a religious organization.

SUPPLEMENTAL DECLARATION OF DARCIE
HAMMER IN SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION (No. 2:25-CV-
02604) - 2

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington  98104
+1 206 623 1700

6.      From the moment we launched our LifeWise chapter, we have been cognizant of ensuring that the program does not disrupt Emerson Elementary School.  To that end, during the Spring 2025 Semester, we were in regular contact with Principal Young.   LifeWise was never informed in the Spring Semester of 2025 that students were causing disruption by distributing LifeWise materials such as Bibles and Recap cards. Rather, we specifically requested that Principal Young let us know if students were being disruptive after returning to class so that, if necessary, "we can work together to problem solve." *See* **Ex. A**. Since we were never notified of any disruption related to students bringing LifeWise materials to class, we have no reason to believe that substantial disruption has ever actually occurred.

7.       Principal Young's declaration also states that "No families at Emerson Elementary have requested that their students be released for weekly religious instruction." This is simply incorrect. For example, both I and my co-director, Plaintiff Sarah Sweeny, have requested just this for our own children (who are students at Emerson). And we made that request *both* for our own children *and* for the other families whose children attend LifeWise.  We have communicated this request on behalf of other LifeWise parents, many of whom speak little or no English, because those parents have come to us asking if they can submit releases on a monthly or semesterly basis. We are aware of at least one parent who has directly requested that her two sons at Emerson Elementary be released for the entire year, but she was told that she could not do this and would need to submit a separate permission slip for each week. *See* **Ex. B**.

8.      We have repeatedly communicated to the District, including to Principal Young, that the new permission slip guidelines have impaired parents' ability to send their children to LifeWise class. I am aware of more than fifteen instances, over nearly a dozen occasions, where students were unable to attend LifeWise due to the District's new permission slip policy. Almost every week there is

SUPPLEMENTAL DECLARATION OF DARCIE HAMMER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (No. 2:25-cv-02604) - 3

Bryan Cave Leighton Paisner LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington  98104
+1 206 623 1700

at least one student whose attendance is impacted by the permission slip process. Examples include:

a.   **October 8, 2025.** Two of our students from families that do not primarily speak English (one family speaks Ukrainian and another speaks Spanish) couldn't come because the parents did not turn in the permission slips for that week. For one of those students, the mother was unable to turn the slip in because of a family emergency.

b.   **October 14, 2025.** Three students came to the office ready to go to LifeWise, but couldn't because their permission slips for that week were not sent in.

c.   **November 12, 2025.** Three students were not able to attend, one because her mother (who speaks primarily Ukrainian) forgot to email the permission slip. The other two were never released to come to the office, and the office did not call them down because office staff were busy with an unrelated issue.

d.   **November 18, 2025.** A daughter from the same Ukrainian family was turned away because her mother did not turn in the weekly permission slip. She came to the office, was denied access to LifeWise, and sat crying in the school while the LifeWise bus had to depart without her.

e.   **December 2, 2025.** The student of a Spanish-speaking family was turned away because of a forgotten weekly permission slip.

f.   **December 3, 2025.** Two students were denied access to LifeWise. The mother of one of the students shared how much this devastated her daughter, who cried her eyes out when she got home from school that day.

g.   **December 16, 2025.** One student couldn't come because he couldn't find his weekly permission slip.

SUPPLEMENTAL DECLARATION OF DARCIE HAMMER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (No. 2:25-CV-02604) - 4

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington  98104
+1 206 623 1700

h.   **January 6, 2026.** Two students came to the office and were denied access to LifeWise because they lacked their weekly permission slips.

i.   **January 7, 2026.** One student came to the office but could not attend because the student's weekly permission slip was not turned in.

9.   If parents had been able to turn in semester-long permission slips, these students would have been able to attend LifeWise classes.

10.   On numerous other occasions, I have had to remind parents the morning of a LifeWise class to turn in their permission slips. This causes a burden on my time and energy that could be better spent preparing for the day's lesson. Compliance with the permission slip policy is most difficult for our families where parents speak little or no English, such as a Ukrainian family whose daughter was left crying in the office when she could not attend LifeWise classes in December.

11.   With respect to the District's explanation of which organizations it allows to participate in the Community Resource Fair, its assertion of a very limited purpose does not make sense to me based on the advertised participants of the fair. I also want to emphasize that the fair, while held on District property, does not take place during the school day or at a school. The event takes place at the District's Community Resource Center during evening hours. No curricular instruction is provided at the Community Resource Fair.

12.   Likewise, the purpose of having hard-copy flyers in the lobby of Emerson Elementary School is to comply with the District's Peachjar guidelines, which state that organizations who use the electronic flyer distribution also make their flyers available to families without internet access. As I explained in my initial declaration, at least one such hard-copy flyer is for "Millenia Ministries," which is a religious organization that offers assistance to low-income families in the district. Its Facebook page describes the organization as a "Faith-based nonprofit."

SUPPLEMENTAL DECLARATION OF DARCIE HAMMER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (No. 2:25-CV-02604) - 5

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18  13.    Millenia Ministries' website advertises its religious status by presenting its

19  mission in the context of a Bible verse:

20
21
22
23
24
25
26
27



SUPPLEMENTAL DECLARATION OF DARCIE
HAMMER IN SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION (No. 2:25-cv-
02604) - 6

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington  98104
+1 206 623 1700

1  |  14.    On its website, Millenia Ministries describes the Everett Public Schools

2  |  as one of its "valued partners."



15.    A local newspaper reported that Millenia Ministries "has a contract with the Everett Public Schools to help them identify homeless and at-risk of being homeless youths." **Ex. C**.

16.    The District publicly recommends Millenia Ministries, as well as other religious organizations like Catholic Community Services, Everett Gospel Mission, the Salvation Army, and Westgate Chapel, as among its "Community Resources" for at-risk youth **Ex. D**.

17.    When the District is not dealing with LifeWise, which multiple members of the District's board have admitted they oppose due to their disagreement with LifeWise's beliefs, it appears not to have an issue with endorsing, contracting with, or allowing flyers on behalf of religious organizations in the District. The District's claims that refusing LifeWise equal access to District facilities is essential

SUPPLEMENTAL DECLARATION OF DARCIE
HAMMER IN SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION (NO. 2:25-CV-
02604) - 7

1  to avoid any implication of endorsing religion does not appear consistent with the

2  fact that it specifically recommends other religious organizations to assist students

3  and their families.

4      18.   I have also reviewed various District policies that describe the

5  relationship between the Board of Directors and the District Superintendent.

6  According to these policies, the District Superintendent is hired by the Board,

7  implements District policies on the Board's behalf, and works with the Board to

8  administer those policies. **Ex. E** (District Policy 1620) However, the Board is

9  ultimately responsible for developing and implementing district policies. *See* **Ex. F**

10  (District Policy 1000).

11      19.   The District's policies provide that the President of the Board, currently

12  President Traci Mitchell, is the official spokesperson for the Board when she speaks

13  to the public. **Ex. G** (District Policy 1210), at 2. This policy additionally states that

14  comments by any Board member in response to a complaint by the community

15  member should be made with caution because those will be understood as

16  representing the views of the Board and District. **Ex. H** (District Policy 1621), at 4.

17

18      FURTHER DECLARANT SAITH NAUGHT.

19

20      I declare under penalty of perjury that the foregoing is true and correct.

21

22      Executed on January 15, 2026, at _____8:18 Am_____.

23

24                                    Darcie Hammer

25

26

27

SUPPLEMENTAL DECLARATION OF DARCIE
HAMMER IN SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION (No. 2:25-CV-
02604) - 8

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

1

## <u>CERTIFICATE OF SERVICE</u>

2

3
     I the undersigned hereby certify under penalty of perjury that I caused the foregoing to be served on the parties listed below via CM/ECF on January 15, 2026.

4
     P E Leitch

5
PATTERSON BUCHANAN FOBES & LEITCH INC PS
1000 SECOND AVE

6
30TH FLR
SEATTLE, WA 98104-1064

7
206-462-6700
Fax: 206-462-6701

8
Email: CPL@pattersonbuchanan.com

9
     Sarah Spierling Mack

10
PACIFICA LAW GROUP LLP
401 UNION ST

11
STE 1600
SEATTLE, WA 98101

12
425-602-1223
Email: Sarah.Mack@pacificalawgroup.com

13

14
     *Attorneys for Defendants*

15

16
Dated: January 16, 2026

                                          *s/ Caleb T. Mathena*

17
                                          Caleb T. Mathena

18

19

20

21

22

23

24

25

26

27