THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LIFEWISE, INC.; SARAH SWEENY,

Plaintiffs,

v.

EVERETT PUBLIC SCHOOL DISTRICT;
and IAN B. SALTZMAN, in his official
capacity as the Superintendent of Everett
Public Schools,

Defendants.

CASE NO. 2:25-CV-02604-LK

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER**

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.      General Principles**

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses

ESI AGREEMENT AND ORDER
(CASE NO. 25-CV-02604-LK) - 1

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington  98104
+1 206 623 1700

should be reasonably targeted, clear, and as specific as possible.

**B.      ESI Disclosures**

By March 20, 2026, or at a later time if agreed to by the parties, each party shall disclose:

1.      Custodians. The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.      Non-custodial Data Sources. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.      Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.      Confidentiality and Redaction**

1.      The parties acknowledge that some discoverable material in this action may be sensitive or confidential due to the presence of personal identifying information (PII) of non-parties, confidential insurance or business information, and/or information of economic value to a party whose value is dependent upon the information's not being generally disclosed to the public. The parties therefore agree to take steps to prevent disclosure that would result in undue hardship or embarrassment to any party.

2.      The parties agree that productions of ESI may be redacted to remove PII such as the birth dates, addresses and phone numbers, and tax or social security information of non-parties, but not the names of such persons (except minors). If any party has a particularized need for

ESI AGREEMENT AND ORDER
(CASE NO. 25-CV-02604-LK) - 2

information redacted under this process, the parties may meet and confer about whether disclosure may be appropriate on an attorneys-eyes-only basis.

3. The parties agree that documents marked "confidential" shall not be disclosed to any person other than a party to the litigation, the parties' attorneys, and their agents, and for which disclosure shall be made only on a need-to-know basis to employees of a corporate party, except to the extent such documents become public through court filings. Any party may at any time challenge another party's designation of a document as confidential. No party shall file documents marked "confidential" without a reasonable basis to believe that doing so advances a legitimate objective in the litigation.

**D.      Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party and except as specified herein, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2. All parties shall instruct custodians of potentially discoverable information not to delete potentially discoverable ESI, including text messages, phone records, and emails, that are hosted on such custodians' personal phones, computers, and accounts.

3. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

4. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

ESI AGREEMENT AND ORDER
(CASE NO. 25-CV-02604-LK) - 3

a.    Deleted, slack, fragmented, or other data only accessible by forensics.

b.    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.    On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.    Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.    Back-up data that are substantially duplicative of data that are more accessible elsewhere.

f.    Server, system or network logs.

g.    Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.    Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.    Privilege**

1.    Within seven days of responding to a request for production, a responding party shall serve a privilege log listing documents withheld on the basis of an asserted privilege, work-product doctrine, or other protection from disclosure. The privilege log shall include a general description of the document, the date of its creation, and the basis upon which a privilege or other protection form disclosure is asserted. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs, unless a document generated after the filing of the complaint contains non-privileged, discoverable information that could be produced by redacting the information claimed to be protected from disclosure.

2.    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.    Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently

ESI AGREEMENT AND ORDER
(CASE NO. 25-CV-02604-LK) - 4

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington  98104
+1 206 623 1700

produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production. If such a request is made within 15 days of the document's production, the parties agree not to dispute whether the privilege or other protection has been timely asserted and preserved, although the receiving party may after disposing of the disputed document seek reproduction of the document by challenging the basis of the producing party's assertion of privilege.

**F.      ESI Discovery Procedures**

1.      <u>Production of physical documents unnecessary.</u> Any document responsive to a discovery request that is kept by a party in hard copy may be produced in an electronic format, including as a scanned image, so long as the producing party identifies by coversheet the document's custodian, creator, date of creation, and dates of any modifications to the document, to the extent known to the party. The producing party shall make the hard copy of the document available for reasonable inspection upon request of the receiving party. The production of an electronic image of a hard copy document shall serve as a certification by the producing party that no alterations were made to the substance of the document in anticipation of its production.

2.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

3.      <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology. In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

a.      A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The

ESI AGREEMENT AND ORDER
(CASE NO. 25-CV-02604-LK) - 5

parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

b.      If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

c.      Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 250 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

d.      The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

4.      Format. The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files),and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format. Each document image file shall be named with a unique Bates Number (e.g. the unique Bates Number of the page of the document in question, followed by its file extension). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted herein) and, where applicable,

ESI AGREEMENT AND ORDER
(CASE NO. 25-CV-02604-LK) - 6

the revision history.

5.     De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party. Duplicate electronic documents differentiated only by metadata that is already evidenced in the body of the document need not be produced. (E.g., the parties need not produce multiple copies of identical emails that multiple custodians received via electronic carbon copy, so long as the identity of all recipient custodians is evidenced in the header of the exemplar email.) If a document or communication was delivered to any person(s) via blind carbon copy, the produced exemplar document shall include metadata or indicia of metadata disclosing the identity of the blind carbon copy recipient(s).

6.     Metadata fields. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

DATED: March 13, 2026

For Plaintiffs:

 /s Barbara A. Smith
Barbara A. Smith (*pro hac vice*)
Seth M. Reid (*pro hac vice*)
Kolten C. Ellis (*pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
barbara.smith@bclplaw.com
seth.reid@bclplaw.com

For Defendants:

/s *Michael D. Doering*
Charles P.E. Leitch
Michael D. Doering
PATTERSON BUCHANAN FOBES & LEITCH, INC., P.S.
1000 Second Ave., 30th Floor
Seattle, WA 98104
cpl@pattersonbuchanan.com

*Attorneys for Defendants*

ESI AGREEMENT AND ORDER
(CASE NO. 25-CV-02604-LK) - 7

/s Caleb T. Mathena
Caleb T. Mathena, WSBA #57001
BRYAN CAVE LEIGHTON PAISNER LLP
999 Third Ave., Suite 4400
Seattle, WA 98104
Phone: (206) 600-6641
caleb.mathena@bclplaw.com

David J. Hacker (*pro hac vice*)
Jeremiah G. Dys (*pro hac vice*)
Holly M. Randall (*pro hac vice*)
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
dhacker@firstliberty.org
jdys@firstliberty.org

*Attorneys for Plaintiffs*

ESI AGREEMENT AND ORDER
(CASE NO. 25-CV-02604-LK) - 8

## ORDER

Based on the foregoing, IT IS SO ORDERED.


DATED: March 17, 2026


<u>Lauren King</u>
The Honorable Lauren J. King
UNITED STATES DISTRICT JUDGE

Presented by:


For Plaintiffs:


/s Barbara A. Smith
Barbara A. Smith (*pro hac vice*)
Seth M. Reid (*pro hac vice*)
Kolten C. Ellis (*pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER
LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
barbara.smith@bclplaw.com
seth.reid@bclplaw.com


/s Caleb T. Mathena
Caleb T. Mathena, WSBA #57001
BRYAN CAVE LEIGHTON PAISNER
LLP
999 Third Ave., Suite 4400
Seattle, WA 98104
Phone: (206) 600-6641
caleb.mathena@bclplaw.com


ESI AGREEMENT AND ORDER
(CASE NO. 25-CV-02604-LK) - 9